UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EARL CANNIFF, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv565 AS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM AND ORDER*

*Pro se* petitioner, Earl Canniff, an inmate at the Westville Correctional Facility ("WCF") in Westville, Indiana, placed a call attempting to contact his victim. After exhausting his administrative remedies, Canniff filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record including documents designated A through S, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding. The petitioner did not file a traverse.

*I. RELEVANT FACTS*

On April 8, 2004, internal affairs investigator Rhonda Vega prepared a conduct report which charged Canniff with violation of any federal, state or local criminal law, specifically harassment under Indiana Code 35-45-2-2. (Exhibit A). Canniff violated the law on April 7, 2004 when he placed the phone call to his son and attempted to speak to his victim. Canniff was aware that he was to have no contact with his victim or the victim's family. On April 8, 2004, Vega interviewed

Canniff. During the interview Canniff admitted to writing to his victim and attempting to have her visit him while he has been incarcerated. He admitted to calling his son on April 7, 2004 and that he knew his son lived with his victim. (Exhibit A). On April 12, 2004, Canniff was notified of the charge against him. He requested a lay advocate but no witnesses. He stated he would present documentary evidence.(Exhibit E).

 The CAB hearing was held on April 20, 2004.The CAB found Canniff guilty of a violation of state law, specifically harassment. (Exhibit M).  Canniff's finding of guilt was based on the staff report, Canniff's own statement, and the investigation case file.  The CAB then imposed a loss of 545 days earned credit time and a suspended credit class demotion. The sentence was upheld by the superintendent and modified by the final reviewing authority to "Attempting", however the sanction was not modified.

## II.  STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision.  Due process requires that Canniff be given: (1) advance written notice of the charges against him at least 24 hours before the hearing;  (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.  *Henderson v. U.S. Parole Comm'n*,  13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.,* and the decision must be supported by "some evidence" in

2

the record.  *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985).  The so-called "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *cert. denied*, 2000 WL 1512783 (U.S.), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence."*Webb,* 224 F.3d at 652.  Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."  *Id. citing Hill*, 472 U.S. at 457.  "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.  citing Hill*, 472 U.S. at 455-56.

### III.  DISCUSSION

Canniff claims that the State violated his constitutional rights in several ways. He alleges that 1) he was refused the right to present documentary evidence; 2) evidence was withheld from him; 3) evidence obtained after he was charged was used to frustrate his defense; 4) he was denied sufficient time to prepare his defense; 5) refused him the right to call and cross examine witnesses; 6) the CAB relied on evidence that he was not allowed to review; and, 7) state laws were violated by the CAB.

**A.  Denial of Witnesses and Physical Evidence**

Canniff says in his first and second claims that his rights were violated because he was denied the right to present documentary evidence at the hearing which would show his innocence, and that other evidence was withheld from him. His sixth claim alleges that his due process rights were

3

violated because he was not allowed to review the confidential investigation file.

In *Piggie v. Cotton*, 344 F.3d 674, 677-78 (7th Cir.2003) the court stated, "...the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material, exculpatory evidence, applies to prison disciplinary proceedings." *See also, Chavis v. Rowe*, 643 F.2d 1281, 1285-86 (7th Cir.1981). The function of Brady in the prison disciplinary context is two-fold: first, to ensure that the disciplinary board considers all relevant evidence and, second, to enable the prisoner to present his best defense. *Piggie v. Cotton*, 344 F.3d at 678.

Here, the CAB had knowledge of and access to the entire confidential file. Canniff's rights are not violated so long as the CAB reviews all of the evidence. Canniff, on the other hand, does not have the right to review confidential material. *See Hoskins v. McBride*, 202 F.Supp.2d 839, 844 (N.D. Ind. 2002). In this case the CAB considered all relevant evidence. None of Canniff's due process rights were violated because there was no denial of evidence by the CAB.

In his fifth claim he alleges he was denied the right to call and cross examine witnesses. Prisoner's have the right to call witnesses to testify on their behalf at CAB hearings when consistent with institutional safety and correctional goals. *Henderson*, 13 F.3d 1073 (citations omitted). However, that right is not an unlimited right. See, *Sweeney v. Parke*, 113 F.3d 717, 719 (7th Cir. 1997). Due process does not demand that prison officials allow inmates to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). There is no right to confront witnesses at a CAB hearing. *Wolff,* 418 U.S. at 567-8; *See also Rahseed-Bey v. Duckworth*, 969 F.2d 357 (7th Cir. 1992).

Canniff had the opportunity to call witnesses when he was notified of the conduct report. He did not list any witnesses. Because no witnesses were requested at the screening, that right was

4

waived.

**B. Use of Evidence**

Canniff alleges that evidence obtained after he was charged was used at the hearing to undermine his defense. He does not state what the evidence was, or how it affected the outcome of his hearing. In this claim, Canniff's only viable argument is that there was insufficient evidence for the CAB find him guilty.

As noted above, the amount of evidence needed in these types of cases is very modest. In this case, the evidence that was presented clearly meets the "some evidence" standard. In finding Canniff guilty, the CAB relied upon the staff report, Canniff's own statement admitting to contacting the victim, and the instigation report. Based on the conduct report and investigation report, this Court concludes that the evidence plainly surmounts the modest "some evidence" standard. Consequently, Canniff's claim that his finding was based on insufficient evidence is denied.

**C. 24 Hour Notice of the Charge**

Mr. Canniff claims that he was not given ample time to prepare for the charge against him. According to *Wolff*, Canniff has the right to 24 hours notice of the charge against him and a summary of the facts underlying the charges so that he can gather facts and prepare a defense. In this case, Canniff was found guilty of the exact charge he was notified of at his screening. The fact that the CAB commented on how Canniff violated the rule does not change the charge as clearly stated. Canniff's right to adequate notice was not violated.

**D. Violations of Adult Disciplinary Procedures**

Canniff claims that prison officials failed to honor and enforce state law. However, relief in this action is only available from violations of the federal constitution or laws. *Estelle v. McGuire*,

5

502 U.S. 62 (1991). State law questions do not state a claim for habeas relief and must be denied. *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). Canniff's claim that state laws were violated fails to state a claim.

## CONCLUSION

For all the reasons stated, and because it is clear that none of Canniff's constitutional rights have been violated, this petition for relief under 28 U.S.C. §2254 is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   August 16, 2005**

> **S/ ALLEN SHARP**
> **ALLEN SHARP, JUDGE**
> **UNITED STATES DISTRICT COURT**